SCHOTT, Judge.
Defendant was convicted after a bench trial of disturbing the peace, R.S. 14:103, resisting an officer, R.S. 14:108, and battery of a police officer, R.S. 14:34.2. He was sentenced to pay a fine of $100 or serve thirty days on the first charge, four months on the second, and six months on the third, with the sentences on the second and third charge to run concurrently.
On November 2, 1986 Deputy Mattei was called to investigate a fight between defendant and his brother. When he arrived he found them on the street in front of their mother’s house. While he was interviewing them they started fighting again, and Mattei called headquarters for assistance. When a second deputy arrived they separated the brothers and went inside the mother’s house to interview them. When the group came outside the brothers start *163 ed fighting again, and the deputies placed them under arrest. Defendant cursed Mat-tei, told him he wasn’t going to be arrested and wasn’t going to jail, and ran into the house. The deputies placed the brother in the police car and called headquarters for further assistance. When two more deputies arrived they went into the house and took defendant into custody. He cursed them again and stated that he was not going to jail, but the deputies forcefully brought him outside to the police car. As Mattei opened the back door of the car and reached inside for his briefcase, defendant cursed him and kicked the door shut on Mattei’s hand causing substantial injury.
ASSIGNMENT OF ERROR NO. 1
Mattei testified that he saw defendant strike his brother during the fight. Defendant argues that the evidence was insufficient to convict him of disturbing the peace because the second deputy testified that he saw no blows struck by defendant during the fight and because R.S. 14:103(A)(1) contains the element of engaging in a fistic encounter. Defendant claims this contradiction between the deputies on this necessary element of the offense casts a reasonable doubt on his guilt.
This assignment has no merit. The trial judge obviously found Mattei’s testimony more credible than the other deputy. We accept this credibility call and conclude that the evidence was sufficient to prove beyond a reasonable doubt that defendant engaged in a fistic encounter with his brother.
ASSIGNMENT OF ERROR NO. 2
Defendant complains that the deputies violated his constitutional rights by arresting him inside his mother’s house. This assignment is based on a false assumption. He was placed under arrest on the street after he struck his brother during the fight and the deputies had separated them. He ran inside after being arrested leaving the door open behind him. C.Cr.P. art. 227 authorized the deputies to pursue and retake him inside the house without a warrant. That they waited perhaps fifteen minutes until help arrived was reasonable and did not deprive them of the authority to act pursuant to art. 227. Each of the cases relied upon by defendant involved an initial arrest made inside the defendant’s home.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that there was no evidence to prove the necessary intent to commit a battery on Deputy Mattei and that the evidence established no more than an accident. Mattei’s testimony as to defendant’s words and actions established intent and was deemed credible by the trial judge.
Having concluded that none of defendant’s assignments have merit and having discovered no errors patent on the record we affirm the convictions and sentences.
AFFIRMED.